IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT DOUGLAS HINSHAW,

      Plaintiff,

      v.                                    CASE NO. 17-3129-SAC

VAN Z. HAMPTON, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 13, 2017, the Court entered a Memorandum Order and Order to Show Cause ("MOSC") (Doc. 21), giving Plaintiff until January 12, 2018, to either show cause why his case should not be dismissed for the reasons set forth in the MOSC or to file a proper amended complaint. On December 21, 2017, Plaintiff filed another request (Doc. 22) for service of summonses and subpoenas, despite the Court's previous denial of such a request in the MOSC. *See* Doc. 21, at 10. Plaintiff filed an additional request for issuance of summonses and subpoenas on December 27, 2017 (Doc. 24). For the reasons stated in the MOSC, namely that Plaintiff's Complaint has not survived screening, the Court denies the request. On December 27, 2017, Plaintiff filed a request for an extension of time to file an amended complaint. (Doc. 23.) Because Plaintiff filed his Amended Complaint on January 16, 2018, the Court denies the request for extension of time as moot.

The Court's MOSC required Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated therein. Plaintiff was also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed therein. The MOSC provides that "[i]f Plaintiff does not file an Amended

1

Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint."

In the MOSC, the Court found that although Plaintiff's allegations are confusing and conclusory, they appear to involve his arrest and state court criminal proceedings.  The Court found that:  any claim for monetary damages against the state officials in their official capacities is subject to dismissal as barred by sovereign immunity; Plaintiff's claim against the state court judge should be dismissed on the basis of judicial immunity; Plaintiff's claims against the District Attorney fail on the ground of prosecutorial immunity; Plaintiff's claims against the remaining defendants failed to allege that they personally participated in the deprivation of his constitutional rights.  The Court also noted that the Court may be prohibited from hearing the Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Lastly, the Court noted that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Court finds that Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC and fails to state a claim for relief.  In his Amended Complaint, Plaintiff names multiple defendants, including judges, prosecutors, sheriffs and law enforcement officers from various counties in Kansas.  Plaintiff makes conclusory allegations of conspiracy, "crimes against humanity," and various other constitutional violations, all without any supporting factual allegations.  Plaintiff has failed to provide factual allegations that raise his right to relief above the speculative level or to state a claim to relief that is plausible on its face.  Plaintiff again refers to his state criminal proceedings, some occurring over ten years ago.  Plaintiff fails to indicate whether his most recent state proceeding remains ongoing, and he fails to allege that any of his

convictions or judgments have been overturned, either on appeal, in a collateral proceeding, or by executive order, as required by *Heck*. *See id*. at 486–87.

Plaintiff's allegations are largely incomprehensible and fail to plausibly support a legal claim for relief. Plaintiff has failed to address the deficiencies set forth in the MOSC. The Court finds that this case should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for extension of time (Doc. 23) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's request for issuance of summonses and subpoenas (Doc. 24) is **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 23rd day of January, 2018.**


        <u>**S/ Sam A. Crow**</u>
        **Sam A. Crow**
        **U.S. Senior District Judge**